UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE LOPEZ-PACHECO,

      Petitioner,

    v.                         Case No.:  2:26-cv-01057-SPC-NPM

MARKWAYNE MULLIN *et al.*,

      Respondent,

                                   /

## **OPINION AND ORDER**

Before the Court are petitioner Jorge Lopez-Pacheco's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Lopez-Pacheco's reply (Doc. 9).  For the below reasons, the Court grants the petition.

Lopez-Pacheco is a native of Cuba who was admitted into the United States as a lawful permanent resident on February 29, 1980.  His mother, brother, and two children are U.S. citizens.  Following a conviction for possession of marijuana plants, an immigration judge ordered Lopez-Pacheco removed to Cuba on May 5, 2003.  Lopez-Pacheco was in Immigration and Customs Enforcement ("ICE") custody from April 10, 2003, to August 8, 2003, when ICE released him under an order of supervision.  Since then, Lopez-Pacheco has fully complied with all conditions of supervision.

On March 30, 2026, a roving Border Patrol agent arrested Lopez-Pacheco during a traffic stop and sent him to Alligator Alcatraz.  ICE did not serve a

notice of revocation of release or conduct an informal interview until after Lopez-Pacheco filed this habeas action. Lopez-Pacheco challenges the legality of his detention under the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and regulations governing orders of supervision.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Lopez-Pacheco's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft,* 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Lopez-Pacheco has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government has been unable to remove him since 2003, despite his perfect

compliance with the order of supervision, including regular check-ins. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Lopez-Pacheco will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Lopez-Pacheco to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Jorge Lopez-Pacheco Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Lopez-Pacheco within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record